

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SANDEEP SINGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No.** |
| | ) | |
| MICHAEL CHERTOFF, in his official capacity as | ) | **08 C 50171** |
| Secretary of the Department of Homeland Security; | ) | |
| JONATHAN SCHARFEN, in his official capacity as | ) | **JUDGE KAPALA** |
| Acting Director of U.S. Citizenship and Immigration | ) | **MAGISTRATE JUDGE MAHONEY** |
| Services of the Department of Homeland Security; | ) | |
| DONALD FERGUSON, in his official capacity as District | ) | |
| Director of U.S. Citizenship & Immigration Services' | ) | |
| Chicago, Illinois District; JULIE L. MYERS, in her | ) | |
| official capacity as National Assistant Secretary of U.S. | ) | |
| Immigration and Customs Enforcement of the | ) | |
| Department of Homeland Security; GLENN TRIVELINE, | ) | |
| in his official capacity as Acting Field Office Director of | ) | |
| U.S. Immigration and Customs Enforcement of the | ) | |
| Department of Homeland Security; ROBERT S. | ) | |
| MUELLER III, in his official capacity as Director of the | ) | |
| Federal Bureau of Investigation; KEITH NYGREN, in his | ) | |
| official capacity as Sheriff of McHenry County, Illinois; | ) | |
| DANIEL J. SEDLOCK, JR., in his official capacity as the | ) | |
| Chief of Corrections of McHenry County, Illinois; the | ) | |
| DEPARTMENT OF HOMELAND SECURITY; the | ) | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION | ) | |
| SERVICES; the UNITED STATES IMMIGRATION | ) | |
| AND CUSTOMS ENFORCEMENT; and the FEDERAL | ) | |
| BUREAU OF INVESTIGATION (FBI), | ) | |
| | ) | |
| Defendants | ) | |

COMPLAINT FOR A WRIT OF MANDAMUS
AND A DECLARATORY JUDGMENT

Plaintiff, Sandeep Singh, also known as Sandip Singh, by his attorney, Terry Yale
Feiertag, of the law firm of Hughes Socol Piers Resnick & Dym, Ltd., complaining of
Defendants, alleges as follows:

This is a complaint for mandatory and declaratory relief. Plaintiff is an immediate relative applicant for adjustment of status to lawful permanent resident of the United States, whose application has remained pending and unadjudicated for almost 3-1/2 years with Defendant U.S. Citizenship and Immigration Services. All necessary preconditions to the adjudication and approval of Plaintiff's application for adjustment of status have been met. Plaintiff's United States citizen wife, Kamalpreet Kaur's petition to classify him as an immediate relative of a United States citizen under Section 201(b)(2)(A)(i) of the Immigration and Nationality Act, (INA) 8 U.S.C. § 1151(b)(2)(A)(i), was approved on December 9, 2005; a visa under the Immediate Relative visa category has been continuously available to Plaintiff at all times since his application for adjustment of status was filed with Defendant U.S. Citizenship and Immigration Services on March 31, 2005; and Plaintiff was inspected and paroled into the United States prior to filing his application for adjustment of status.

Plaintiff meets all eligibility criteria to have his application for adjustment of status to lawful permanent resident under Section 245 of the INA, 8 U.S.C. §1255 approved, and Defendants are required to adjudicate his application. While Plaintiff has been waiting since March 31, 2005 to have his application for adjustment of status adjudicated, hundreds of thousands of other people seeking lawful permanent resident status who filed their applications after Plaintiff have had their applications adjudicated. Plaintiff seeks a Writ of Mandamus compelling Defendants to adjudicate his pending application and seeks a Declaratory Judgment that Defendants' actions in refusing and failing to adjudicate his application have been unlawful and unconstitutional. Plaintiff also seeks attorneys' fees and costs as provided by statute.

## Jurisdiction and Venue

1.      This Court has subject matter jurisdiction pursuant to the following statutory provisions: 28 U.S.C. § 1331, providing for jurisdiction in the District Court over matters of Federal law; 28 U.S.C. § 1361, providing for mandamus jurisdiction; 28 U.S.C. § 2201, the Declaratory Judgment Act; and 5 U.S.C. §§ 702 and 706, to compel agency action unlawfully withheld.

2.      Pursuant to 28 U.S.C. § 1391, venue is proper in this District because the Plaintiff resides in this judicial District, the Defendants are officers of the United States or agencies of the United States or reside in this judicial district, and no real property is involved.  28 U.S.C. § 1391(e)(3).

## The Parties

**Plaintiff:**

3.      Plaintiff, Sandeep Singh, aka Sandip Singh, is a citizen of India and is an applicant for adjustment of status to lawful permanent resident of the United States.  He is currently being detained by Defendant U.S. Immigration and Customs Enforcement at the McHenry County, Illinois Jail under the control of Defendants, Keith Nygren, the duly elected and currently serving Sheriff of McHenry County, Illinois, and Daniel J. Sedlock, Jr., the duly appointed and currently acting Chief of Corrections of McHenry County, Illinois.  As such, he is residing within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.  Mr. Singh's alien number is A79-083-989.  He initially applied for adjustment of status to lawful permanent resident of the United States as the Immediate Relative spouse of United States citizen Kamalpreet Kaur on March 31, 2005.  His wife's Immediate Relative visa petition was approved by Defendant U.S. Citizenship and Immigration Services on

December 9, 2005 (a second approval was issued on December 16, 2005).  This application for adjustment of status remains pending and unadjudicated with Defendant U.S. Citizenship and Immigration Services' Chicago District Office.  A second application filed on May 25, 2006 similarly remains undadjudicated.

**Defendants:**

4.    Defendant MICHAEL CHERTOFF is being sued in his official capacity as Secretary of the Department of Homeland Security (DHS). He is responsible for the administration of Defendant Department of Homeland Security and of its subsidiary agencies, Defendant United States Citizenship and Immigration Services (USCIS), which adjudicates applications and petitions for immigration related benefits for qualified and eligible non-citizens, including adjustment of status to lawful permanent resident of the United States, and Defendant United States Immigration and Customs Enforcement (ICE), which is charged with the arrest, detention and removal of removable foreign nationals.  8 U.S.C. § 1103(a).

5.    Defendant JONATHAN SCHARFEN is being sued in his official capacity as Acting Director of the Department of Homeland Security's U.S. Citizenship and Immigration Services (USCIS).  As such, he is charged with the duty of administration and enforcement of all of the personnel, functions and duties of USCIS.  8 U.S.C. § 1103(c)

6.    Defendant DONALD FERGUSON is being sued in his official capacity as District Director of the Department of Homeland Security's U.S. Citizenship & Immigration Services' Chicago, Illinois District.  As such, he is charged with the duty of administration and enforcement of the all the personnel, functions and duties of USCIS within the Chicago District Office, including the adjudication of Plaintiff's application for adjustment of status.

7.     Defendant JULIE L. MYERS is being sued in her official capacity as National Assistant Secretary of the Department of Homeland Security's U.S. Immigration and Customs Enforcement (ICE).  As such, she is charged with the duty of administration and enforcement of all of the personnel, functions and duties of ICE throughout the United States, including the arrest, detention and removal of removable aliens.

8.     Defendant GLENN TRIVELINE is being sued in his official capacity as Acting Field Office Director of the Chicago Field Office of the Department of Homeland Security's U.S. Immigration and Customs Enforcement (ICE).  As such, he is charged with the duty of administration and enforcement of all of the personnel, functions and duties of ICE within the Chicago Field Office's jurisdiction, including the arrest, detention and removal of aliens, including Plaintiff.

9.     Defendant ROBERT S. MUELLER III is being sued in his official capacity as Director of the Federal Bureau of Investigation (FBI).  As such, he is charged with conducting background and security checks, including name checks, of applicants for adjustment of status when requested to do so by Defendant U.S. Citizenship and Immigration Services.

10.     Defendant KEITH NYGREN is being sued in his official capacity as Sheriff of McHenry County, Illinois.  As such, he is charged with the duty of administration and enforcement of law in McHenry County, Illinois, including the management of the McHenry County Corrections department and the McHenry County Jail, including detainees placed in detention at McHenry County Jail by ICE, including Plaintiff.

11.     Defendant DANIEL J. SEDLOCK, JR. is being sued in his official capacity as the Chief of Corrections of McHenry County, Illinois.  As such, he is responsible for the

management and administration of the McHenry County Jail, including detainees placed in detention at the McHenry County Jail by ICE, including Plaintiff.

12.     Defendant the DEPARTMENT OF HOMELAND SECURITY (DHS) is the Agency with overall responsibility for the administration of the immigration and naturalization laws of the United States within the United States, including the processing of applications for adjustment of status to lawful permanent resident of the United States, including coordinating the timely completion of background and security checks, including name checks, with the Defendant FBI, and including the detention and removal of removable aliens.

13.     Defendant the UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) is a Bureau within Defendant DHS, and is the Agency with direct responsibility for accepting and adjudicating applications for adjustment of status to lawful permanent resident of the United States.  It has exclusive jurisdiction over the adjudication of applications for adjustment of status of arriving aliens, including those of Plaintiff.

14.     Defendant the UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE) is a Bureau within Defendant DHS, and is the Agency with direct responsibility for the arrest, detention and removal of aliens in the United States.

15.     Defendant the FEDERAL BUREAU OF INVESTIGATION (FBI) is the Agency responsible for conducting background and security checks, including name checks, on applicants for adjustment of status to lawful permanent resident of the United States, as requested to do so by Defendant USCIS.

### Facts

16.     Plaintiff is an immediate relative applicant for adjustment of status to lawful permanent resident of the United States whose application is pending with the Chicago District

Office of Defendant USCIS. Plaintiff's first application for adjustment of status was filed with Defendant USCIS on March 31, 2005, and was assigned Receipt Number MSC-05-186-10025. This application remains pending and unadjudicated with USCIS' Chicago District Office, as evidenced by a report on the case inDefendant USCIS' online case status system. (See Exhibit A).

17.     Plaintiff is a 31 year old Indian citizen who first arrived in the United States by air at the Miami International Airport where he claimed political asylum on arrival and was inspected and detained on November 3, 2000 by officers of the U.S. Immigration and Naturalization Service (INS), the predecessor agency to U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), and U.S. Citizenship and Immigration Services (USCIS).

18.     On November 18, 2000, Plaintiff was given a credible fear interview by an INS Asylum Officer who determined that Plaintiff had a credible fear of persecution should he be forced to return to India.

19.     On November 22, 2000, the INS paroled Plaintiff for the purposes of pursuing his Application for Political Asylum before an Immigration Judge in removal proceedings. Plaintiff had now been inspected and paroled into the United States, a legal prerequisite to applying for adjustment of status under INA Section 245. (See Exhibit B).

20.     Plaintiff moved to Indiana with the permission of INS and removal proceedings were transferred to the Immigration Court in Chicago from the Immigration Court in Miami. A hearing before an Immigration Judge on Plaintiff's Applications for Political Asylum and other relief was held in Chicago on November 19, 2003. The Immigration Judge denied Plaintiff's applications and found him removable on the sole ground that he was an arriving alien with no

valid passport.  The government has never accused him of having committed any crimes or acts of fraud.  His then counsel filed a timely appeal to the Board of Immigration Appeals (BIA) on his behalf.

21.    While the BIA appeal was pending, Plaintiff met, fell in love with, and married Kamalpreet Kaur, a naturalized United States citizen, on February 5, 2005 in California.  Ms. Kaur, who was then living in California, hired an attorney, Harsh Chhabra, who had been recommended by a family friend, to represent her and Plaintiff to seek permanent residence for Plaintiff based on his marriage to a United States citizen.

22.    On March 17, 2005, the Board of Immigration Appeals affirmed the November 23, 20003 decision of the Immigration Judge, and on March 31, 2005 Mr. Chhabra filed an Immediate Relative visa petition by Kamalpreet Kaur for the benefit of Plaintiff simultaneously with Plaintiff's application for adjustment of status with Defendant USCIS, which had jurisdiction over those filings.  Plaintiff and his wife were living in Indiana.

23.    On April 15, 2005, Attorney Chhabra filed a timely petition for review in the United States Court of Appeals for the Seventh Circuit on behalf of Plaintiff from the March 17, 2005 BIA decision.

24.    On May 2, 2005, Attorney Chhabra filed a Motion to Reopen proceedings before the Board of Immigration Appeals (BIA) on behalf of Plaintiff on the basis of "new evidence – marriage to a United States citizen".

25.    On the same day, May 2, 2005, Mr. Chhabra filed a Motion for a Stay of Deportation with the United States Court of Appeals for the Seventh Circuit which was subsequently granted.

26.     On June 28, 2005, the BIA denied Plaintiff's Motion to Reopen, and then on December 5, 2005, the BIA reopened Plaintiff's case *sua sponte*, and vacated its order of June 28, 2005.

27.     On December 9, 2005, Kamalpreet Kaur's I-130 immediate relative visa petition for the benefit of her husband, Plaintiff Sandeep Singh, was approved by Defendant USCIS. After an interview at Defendant USCIS' Chicago District Office, the I-130 petition approval was reiterated in a separate written decision on December 16, 2005 at the same time as Defendant USCIS unlawfully denied Plaintiff's first application for adjustment of status on the erroneous basis that Defendant USCIS had no jurisdiction over the application.  (See Exhibits C, D & E).

28.     Four days later on December 20, 2005, Defendant USCIS reopened Plaintiff's case, and scheduled Plaintiff for a second interview on his application for adjustment of status for February 16, 2006 at Defendant USCIS' Chicago District Office.

29.     On December 30, 2005, the United States Circuit Court of Appeals for the Seventh Circuit dismissed Plaintiff's case for lack of jurisdiction on the basis that the reopening of the case by the BIA removed the final order of removal from the case, and therefore removed potential jurisdiction from the Court of Appeals.

30.     On January 10, 2006, the Immigration Court of the Executive Office for Immigration Review scheduled a new removal hearing in Plaintiff's case before the Immigration Judge for February 23, 2006.

31.     On February 16, 2006, Plaintiff and his wife attended their second interview at Defendant USCIS' Chicago District Office on Plaintiff's application for adjustment of status. No action was taken on the application by Defendant USCIS.

32.     On February 23, 2006, Attorney Chhabra reported to the Immigration Judge and the ICE District Counsel that Defendant USCIS could not make a decision on Plaintiff's application for adjustment of status because the Executive Office for Immigration Review had Plaintiff's file.

33.     At the February 23, 2006 removal hearing at the Immigration Court in Chicago, the Immigration Judge administratively closed the case upon the joint request of Plaintiff's counsel, Harsh Chhabra, and the ICE District Counsel.  The only basis for this action was the agreement of all parties that Plaintiff's application for adjustment of status should be adjudicated by Defendant USCIS.

34.     Instead of pursuing Plaintiff's pending application for adjustment of status before USCIS, which had exclusive jurisdiction over it in accordance with 8 CFR §245.2(a)(1) and 8 CFR §1245.2(a)(1)(ii), which make clear that the Immigration Judge never has jurisdiction over applications for Adjustment of Status of "arriving aliens" such as Plaintiff, Attorney Chhabra filed a Motion to Reopen and Recalendar Plaintiff's removal case before the Immigration Judge in Chicago, putting Plaintiff back at risk of removal and being barred from returning to the U.S. and his wife for 10 years.

35.     On March 3, 2006, the Executive Office for Immigration Review scheduled a new removal hearing for Plaintiff in the Chicago Immigration Court on May 4, 2006.

36.     On May 4, 2006, Plaintiff appeared in the Immigration Court in Chicago with his attorney, Harsh Chhabra, at which time the judge ordered Plaintiff removed, while stating that he could not adjudicate Plaintiff's application for adjustment of status as he did not have jurisdiction to do so.  The Immigration Judge advised Mr. Chhabra to contact USCIS to try to convince them to move to reopen and terminate the proceedings, and further added that he regretted being

forced to enter an order of removal, but that he had no choice as Plaintiff was an arriving alien, and was ineligible for either voluntary departure or adjustment of status relief in the Immigration Court.

37.     Inexplicably, Attorney Chhabra filed a second application for adjustment of status on behalf of Plaintiff with Defendant USCIS on May 25, 2006, which was assigned Receipt Number MSC-06-243-13027.   That second application for adjustment of status remains unadjudicated in the same manner as Plaintiff's first application, as evidenced by Defendant's online case status report.  (See Exhibit F).

38.     As part of the second application for adjustment of status process, Defendant USCIS issued to Plaintiff an Employment Authorization Document valid from July 27, 2006 until July 26, 2007.    Subsequently, Defendant USCIS issued a second Employment Authorization Document to Plaintiff, valid for the period July 27, 2007 to July 26, 2008.

39.     On June 1, 2006, Attorney Chhabra filed a timely Notice of Appeal to the Board of Immigration Appeals from the May 4, 2006 decision of the Immigration Judge.

40.     On August 7, 2006, Defendant USCIS sent a notice to Plaintiff for a third interview on his application for adjustment of status for September 21, 2006.  Plaintiff, his wife and Attorney Chhabra attended that interview on September 21, 2006.  The interviewing USCIS officer informed Plaintiff that he would receive a decision on his application in the mail.  To date, no such decision has been rendered.

41.     On January 16, 2008, the Board of Immigration Appeals issued an order denying Plaintiff's appeal from the Immigration Judge's May 4, 2006 removal order.  The decision was sent to Attorney Chhabra, who did not inform Plaintiff.

42.    On July 17, 2008, Plaintiff was detained by officers of Defendant Immigration and Customs Enforcement (ICE) and is being held pending removal at the McHenry County, Illinois Jail by order of ICE under the direct control of Defendants Nygren and Sedlock.

43.    On or about July 29, 2008, Plaintiff and his wife filed a complaint against attorney Chabra with the Washington State Bar authorities alleging negligence, failure to communicate and incompetence in his representation of Plaintiff.

44.    Both of Plaintiff's applications for adjustment of status, which were filed on March 31, 2005 and May 25, 2006, remain pending and unadjudicated with Defendant USCIS, which has exclusive jurisdiction over those applications, and has a duty to fairly and timely adjudicate them.

45.    It is the sense of Congress as expressed in the Immigration and Nationality Act at 8 U.S.C. § 1517 that all applications for benefits under the Act, such as Adjustment of Status to Lawful Permanent Resident, should be adjudicated within six months of filing.

46.    The jurisdiction of Defendant USCIS over the application for adjustment of status of Plaintiff as an arriving alien who has been inspected and paroled is unaffected by the contemporaneous jurisdiction of the Immigration Court over other aspects of an arriving alien's immigration status.  The pendency of removal proceedings does not in any way suspend or interrupt the jurisdiction of USCIS over the application for adjustment of status of the arriving alien, and the failure and refusal of USCIS to exercise its jurisdiction and mandate to adjudicate Plaintiff's application for adjustment of status is a violation of his rights under the Immigration and Nationality Act and his constitutional right to due process of law.

47.    The sole reason given for the refusal to adjudicate Plaintiff's application for adjustment of status by Defendant USCIS has been that it did not have jurisdiction over his

application, which is legally erroneous.  In addition, USCIS on February 4, 2008 changed its procedures for handling cases of applications for adjustment of status which were ready for adjudication, except for an FBI response to a requested name check by declaring that any such cases pending for more than 180 days should be immediately adjudicated.  There is no lawful reason for USCIS to not have adjudicated Plaintiff's application for adjustment of status before this date.

48.    Plaintiff has exhausted his administrative remedies as there is no administrative appeal provided by either statute or regulation, and the failure to act by Defendant USCIS constitutes a final agency decision for purposes of the Administrative Procedure Act.

49.    Plaintiff's two applications for adjustment of status remain pending with Defendant USCIS' Chicago District Office with neither a scheduled nor anticipated adjudication date at any time in the reasonably foreseeable future.

50.    Plaintiff's two applications for adjustment of status are immediately approvable.

51.    Defendants' delay in adjudicating Plaintiff's application for adjustment of status to lawful permanent resident of the United States has required Plaintiff to expend additional time, funds and energy to file a second application for adjustment of status and a second application for employment authorization, and this lawsuit, none of which would have been necessary had Defendants processed his initial application for adjustment of status in a reasonable and timely fashion.

52.    Defendants delay in adjudicating Plaintiff's application for adjustment of status to lawful permanent resident of the United States has directly lead to his current detention and imminent removal from the United States, separation from his wife, loss of employment, and a

potential bar from returning to the United States for ten years as a result of his removal by Defendant ICE from the United States.

53.     The approval of Plaintiff's application for adjustment of status will immediately confer lawful permanent resident status on him, will require his release from detention and custody, and will require the termination of removal proceedings against him.

54.     Unless restrained by order of this court, the ICE Defendants will remove the Plaintiff from the jurisdiction of this court to the country of India before the USCIS Defendants adjudicate Plaintiff's application for adjustment of status.

## Causes of Action

## Count I: Mandamus

55.     Plaintiff reasserts and realleges paragraphs 1 through 54 as if fully set forth herein.

56.     Defendants owe Plaintiff the duty to act on his application for adjustment of status under Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255 and regulations enacted pursuant thereto (8 C.F.R. §§ 245.2 and 1245.2).

57.     Defendants are violating their duty to Plaintiff to adjudicate his application for adjustment of status in a timely manner (a) by failing and refusing to make any decision on his case; and (b) by refusing to assume jurisdiction over Plaintiff's application for adjustment of status as mandated by 8 C.F.R. §§ 245.2 and 1245.2.

58.     Plaintiff has exhausted all available administrative remedies, as there are no such remedies available to him.

59.     Defendants have a nondiscretionary duty to adjudicate Plaintiff's application for adjustment of status in accordance with their duties and responsibilities under the Immigration

and Nationality Act, 8 U.S.C. § 1101 *et seq*., and the due process of law requirements of the Fifth Amendment to the United States Constitution.

## Count II: Administrative Procedure Act Claim

60.     Plaintiff reasserts and realleges paragraphs 1 through 54 as if fully set forth herein.

61.     Defendants had a duty to take all necessary steps to complete the processing of Plaintiff's application for adjustment of status within a reasonable period of time, which Defendant USCIS has determined to be between 6 and 12 months, and Congress has determined is 6 months, and have not done so for 3 years and 4 months.

62.     Defendants' failure to adjudicate Plaintiff's application for adjustment of status in the 3 years and 4 months since it was filed constitutes agency action unlawfully withheld and unreasonably delayed.

## Count III: Fifth Amendment Due Process Claim

63.     Plaintiff reasserts and realleges paragraphs 1 through 54 as if fully set forth herein.

64.     Plaintiff reasserts and realleges paragraph 56 as if fully set forth herein.

65.     The actions of the Defendants in failing and refusing to adjudicate Plaintiff's application for adjustment of status in 3 years and 4 months constitute a denial of due process of law as is guaranteed by the Fifth Amendment to the United States Constitution.

## Prayer for Relief

WHEREFORE, Plaintiff, Sandeep Singh, seeks the following relief:

A.     A Writ of Mandamus compelling Defendants to immediately adjudicate Plaintiff's application for adjustment of status to lawful permanent resident of the United States;

B.     Entry of judgment in favor of Plaintiff and against Defendants, finding that Defendants' refusal to assert jurisdiction over Plaintiff's application for adjustment of status and its refusal to adjudicate that application are arbitrary, capricious, and contrary to law, and that their failure to adjudicate Plaintiff's application for adjustment of status to lawful permanent resident of the United States for a period of 3 years and 4 months constitute agency action unlawfully withheld and unreasonably delayed in violation of 5 U.S.C. §§ 701 *et seq.*;

C.     Entry of a judgment order declaring the actions of Defendants in failing and refusing to adjudicate Plaintiff's application for adjustment of status to lawful permanent resident of the United States are unlawful and have unconstitutionally deprived Plaintiff due process of law as guaranteed by the Fifth Amendment to the United States Constitution;

D.     Entry of an order against the ICE Defendants preventing them from removing Plaintiff from the jurisdiction of this court until the USCIS Defendants can adjudicate Plaintiff's application for adjustment of status;

E.     An award of costs as provided by 28 U.S.C. § 2412(a);

F.     An award of attorney's fees as provided by 28 U.S.C. § 2412(b); and

G.     Such other and further relief as to this Court seems just and equitable.

Respectfully submitted


By:  /s/ Terry Yale Feiertag
     Terry Yale Feiertag
     Attorney for Plaintiff
     Sandeep Singh, A79-083-989

Terry Yale Feiertag
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza, Suite 4000
Chicago, IL  60602
Direct line: 312-604-2724
Direct fax: 312-604-2725
Email: tfeiertag@hsplegal.com
Illinois Bar No. 00782882